**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Wells Fargo Bank, N.A., as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-PR I Trust, Respondent,

v.

Marvin Smalley and Bay Club Homes Property Owners Association, Inc., Defendants,

Of whom Marvin Smalley is the Appellant.

Appellate Case No. 2013-002175

---

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

---

Unpublished Opinion No. 2015-UP-134
Submitted February 1, 2015 – Filed March 11, 2015

---

**AFFIRMED**

---

David K. Haller, of Haller Law Firm, of Charleston, for Appellant.

Benjamin Rush Smith, III and Michael J. Anzelmo, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *id.* ("Our scope of review of a case heard by a master who enters a final judgment is to determine facts in accordance with our own view of the preponderance of the evidence."); *Sloan v. Greenville Cnty.*, 356 S.C. 531, 546, 590 S.E.2d 338, 346 (Ct. App. 2003) ("A legal question in an equity case receives review as in law."); *U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("Because questions of law may be decided with no particular deference to the trial court, this court may correct errors of law in both legal and equitable actions."); *id.* at 374, 684 S.E.2d at 204 ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action."); *id.* at 374-75, 684 S.E.2d at 205 ("Generally, the party seeking foreclosure has the burden of establishing the existence of the debt and the mortgagor's default on that debt."); *id.* at 375, 684 S.E.2d at 205 ("Once the debt and default have been established, the mortgagor has the burden of establishing a defense to foreclosure such as lack of consideration, payment, or accord and satisfaction.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.